IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 4:09-CR-00345 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| GREGORY ALAN MORTON | : | (Electronically Filed) |
| | : | |

**BRIEF IN SUPPORT OF MOTION IN LIMINE**

**Procedural History**

By indictment filed October 22, 2009, Gregory Alan Morton was charged with first degree murder in violation of 18 U.S.C. § 1111. Trial in this matter is set for June 28, 2010.

**Factual Background**

On August 1, 2007, Gregory Morton was housed in Cell 125 in the Special Housing Unit at the United States Penitentiary at allen wood. In that same cell were Scott Lilly and James Bala. During that evening, the three cell mates drank homemade wine. Scott Lilly, a Pagan Motorcycle Gang Member known as "Backup," attacked Gregory Morton. In an effort to defend himself Gregory Morton fought off Scott Lilly and unfortunately caused his death.

**Argument**

> **I.    All Photographs of the Body of Scott Lilly Should Are Excluded Because They Are Irrelevant and Unfairly Prejudicial.**

The altercation between Scott Lilly and Gregory Morton stretched over a long period of time that evening.  When it became apparent that Scott Lilly was badly injured Gregory Morton pressed the cell duress alarm to alert the corrections officers.  The button was pushed at 11:04 p.m. on August 1, 2010.  The corrections officers, who were ignoring their duties, did not respond to the alarm until 12:34 a.m. on August 2, 2010.  The photographs Gregory Morton seeks to exclude were taken after that time.

Scott Lilly lay on the cell floor for one and one half hours after the altercation ended.  When Scott Lilly hit the floor there was no pool of blood and there was no coagulating or dried blood on him.  The dereliction of duty by the corrections officers allowed the blood to drain from the relatively minor holes in Scott Lilly into a giant pool and the mess of dried blood that is evident on the photographs of Scott Lilly's body.  The lack of prompt action by the corrections officers caused an unfairly prejudicial scene for photographs.

The photographs are irrelevant because they do not depict the actual condition of Scott Lilly when he died. (F.R.E. 401) The photographs are also

unfairly prejudicial because of the bloody mess caused by the dereliction of duty by the corrections officers.

Gregory Morton asks this Honorable Court to follow the direction of the Fourth Circuit Court of Appeals in *United States v. Myers*, 280 F.3d 407 (2002) and require the government to obtain an advance ruling before any evidence depicting blood would be introduced. Since government agents caused the photographs to unfairly depict blood and gore, they should not be allowed to profit from their malfeasance.

## II. The Government Should Not Be Allowed to Introduce the Reason for Gregory Morton's Placement in the Special Housing Unit under F.R.E. 404 (b).

The government has given 404(b) notice that they intend to introduce evidence to show the reasons why Gregory Morton was placed in the Special Housing Unit. Such evidence is irrelevant because it does not make the existence of any fact of consequence more or less probable. (F.R.E. 401) The reasons why Gregory Morton was placed in the Special Housing Unit have nothing to do with Scott Lilly and were not the cause of the attacks Scott Lilly perpetrated on Gregory Morton. In addition to being irrelevant, the information has no probative value and is unfairly prejudicial. (F.R.E. 403)

### III. If Gregory Morton Testifies, Impeachment by Prior Conviction Should Be Limited.

Gregory Morton may testify at trial. If he does testify, the government will be allowed to impeach him with prior convictions that are within ten (10) years. (F.R.E. 609) This motion seeks to limit the government to the date, nature (bank robbery) and fact of conviction as required by the Federal Rules of Evidence, *United States v. Robinson,* 8 F.3d 398 (7th Cir. 1993); *United States v. Jiminez*, 214 F.3d 1095 (9th Cir. 2000).

### Conclusion

Gregory Morton asks that the above-described evidence be excluded or limited as requested.

Respectfully submitted,

Date: June 14, 2010         */s/ Thomas A. Thornton*
THOMAS A. THORNTON, ESQUIRE
Asst. Federal Public Defender
Attorney ID# PA44208
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
<thomas_thornton@fd.org>
*Attorney for Gregory Alan Morton*

## CERTIFICATE OF SERVICE

I, Thomas A. Thornton, of the Federal Public Defender's Office, do hereby certify that on this date I served a copy of the foregoing **Brief in Support of Motion in Limine**, via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

    FREDERICK E. MARTIN, ESQUIRE
    United States Attorney's Office

    GREGORY ALAN MORTON

Date: June 14, 2010             /s/ Thomas A. Thornton
                                        THOMAS A. THORNTON, ESQUIRE
                                        Asst. Federal Public Defender
                                        Attorney ID# PA44208
                                        100 Chestnut Street, Suite 306
                                        Harrisburg, PA 17101
                                        Tel. No. (717) 782-2237
                                        Fax No. (717) 782-3881
                                        *<thomas_thornton@fd.org>*
                                        *Attorney for Gregory Alan Morton*