```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      : Crim. No. 4:CR-09-00345
                              :
          v.                  : (Judge Jones)
                              :
     GREGORY MORTON           : ELECTRONICALLY FILED
```

**UNITED STATES' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF DATED INSTANCE
OF ADMINISTRATIVE ACTION AGAINST WITNESS**

COMES NOW, the United States by Dennis C. Pfannenschmidt, United States Attorney for the Middle District of Pennsylvania, and moves this Court, in accordance with Federal Rule of Evidence 104(a), to exclude the defendant from using as cross examination an administrative finding by the Bureau of Prisons that in 1994 one of its employees provided another staff member with misleading information.

1. In accordance with this Court's order of May 12, 2010, and its obligation under *Giglio v. United States*, 405 U.S. 150 (1972), the prosecution hereby discloses to defense counsel information that one prospective witness and BOP employee, who will be referred to as "TV," was found by that agency in administrative employment proceedings to have provided in September 1994, false information to a supervisor.  A copy of the letter setting forth this information is submitted as an *in camera* attachment.  It is submitted that the age of this finding together with the testimony anticipated from "TV" indicates that

on balance this finding should not be used to attack his credibility.

    2.   The primary thrust of "TV's" testimony is that on August 2, 2007, based upon his out-of-work experiences as an Emergency Medical Technician, the prison shift supervisor asked him to determine whether any extraordinary life-saving efforts could or should be undertaken by staff for Scott Lilly, the victim of the offense.  "TV" indicated that no additional measures should be taken since there was no pulse and Lilly had suffered *inter alia* significant blunt head trauma.

    3.   Approximately 13 years have passed from the incident upon which an administrative sanction was based and the homicide. More than 15 years will have passed until his testimony is presented.

    4.   Federal Rule of Evidence 609(b)(1) establishes a "time limit" which precludes generally use of criminal convictions more than ten years old "unless the court determines in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweigh its prejudicial effect."  There is less Due Process associated with an administrative sanction than there is a criminal conviction. Moreover, it is submitted that an employee whose transgression is remote in time, and not repeated, should not have to suffer any stigma for the balance of his or her employment career.  *Cf. United States v. Colletti*, 984 F.2d 1339, 1343 (3d Cir., 1992)

(22 year old conviction inadmissable); *Cf. United States v. D'Agata*, 664 F. Supp. 390, 391 (E.D. Pa. 1986), *aff'd* 826 F.2d 1057 (3d Cir. 1987) (16 year old conviction excluded).

    5.  Federal Rule of Evidence 608 also allows for impeachment of witnesses with past instances of misconduct.  Although there is no specific "time limit," as in Federal Rule of Evidence 609, decisional law interpreting that provision also suggests that the remoteness of an event demonstrates that reference to some extreme past incident of misconduct should not be used to discredit a witness.  *United States v. Stoeckeny*, 215 F.3d 788, 790 (7th Cir. 2000) (aged and unrelated state agency action was excluded); *United States v. Bari*, 750 F.2d 1169, 1179 (2d Cir. 1994) (excluding reference to mental illness 12 years prior to trial not an abuse of discretion).

    6.  In the event that this Court allows for the impeachment, the prosecution will seek to admit in its entirety through playing of a DVD the complete extent of head injuries suffered by the victim.  These are contained in a video taken approximately 30 minutes after "TV" examined the inmate's condition and which would verify the accuracy of that employee's observations.  Otherwise, the prosecution has no intention of admitting detailed and gruesome photographs of injuries inflicted by defendant.  Consequently, in accordance with this Court's sound discretion and the need to balance competing interests,

this Court ought to preclude the defense from impeaching the testimony of "TV" with this administrative finding.

7.   It is assumed that defense counsel would not concur in this request.  This Court can address this issue at the scheduled telephone conference call on June 17, 2010.

WHEREFORE, for the above-stated reasons, the prosecution submits that this Court should preclude defense counsel from cross-examining "TV" on this more than decade old past administrative finding.

                                        Respectfully submitted,

                                        DENNIS C. PFANNENSCHMIDT
                                        United States Attorney

By s/Frederick E. Martin
FREDERICK E. MARTIN
Assistant United States Attorney
PA ID 57455
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele:  (570) 326-1935
FAX:  (570) 326-7916
Electronic Mail:
Fred.Martin@usdoj.gov

Dated: June   17  , 2010

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      : Crim. No. 4:CR-09-00345
                              :
         v.                   : (Judge Jones)
                              :
    GREGORY MORTON            : ELECTRONICALLY FILED
```

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF DATED INSTANCE
OF ADMINISTRATIVE ACTION AGAINST WITNESS
(Attachment 1 filed *in camera* only)**

to be electronically mailed on June ___17___, 2010, to:

ADDRESSEE:   Thomas A. Thornton, Esquire
             Thomas_Thornton@fd.org


                              By s/Frederick E. Martin
                              FREDERICK E. MARTIN
                              Assistant United States Attorney