IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:09-CR-345 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| GREGORY MORTON,<br>Defendant | : | |

## ORDER

June 17, 2010

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On today's date, an on the record status call was held to discuss the following pending motions: Defendant's Motion in Limine (Doc. 77) filed on June 14, 2010 and the United States' Motion In Limine to Exclude Evidence of Dated Instance of Administrative Action Against Witness (Doc. 80) filed on June 17, 2010. The following Order shall reflect the discussions held on the record among the Court and counsel concerning the pending motions and well as other rulings made by the Court during the conference call.

1. **DEFENDANT'S MOTION IN LIMINE**

The Defendant's Motion in Limine contains three areas. First, the Defendant seeks to preclude the Government from presenting any pictures of the

body of Scott Lilly at trial. Because we cannot ascertain whether the photographs are prejudicial under F.R.E. 403 until we view them, we shall require the Government to submit to the Court, *in camera*, all photographs of Scott Lilly it intends to introduce at trial. Following our review of the photographs, we shall issue a formal ruling on their admissibility.

Next, the Defendant seeks to preclude the Government from eliciting testimony to show the reason why the Defendant was put in the Special Housing Unit ("SHU") at the penitentiary. On the call, the Government indicated that it will not introduce any testimony that reveals the reason why Morton or Lilly were in the SHU, but rather will advance testimony to show generally why prisoners may be placed therein. Thus, this portion of the Motion shall be dismissed.

Finally, the Defendant seeks to limit the Government's impeachment of the Defendant with his prior bank robbery conviction pursuant to F.R.E. 609. The Government indicated that it will limit its impeachment of the Defendant with the prior conviction to the date, name, and fact of the conviction only. Inasmuch as this limitation is permissible under F.R.E. 609 and the jurisprudence on that rule, we shall dismiss this portion of the Motion.[1] The Defendant is forewarned that if

---

[1] Of course, our Order dismissing any portions of the Defendant's Motion in Limine is without prejudice in the event the Government changes its course during the trial.

the existence of the bank robbery is revealed in his direct examination in an attempt to innoculate him, and if that inquiry delves into the facts of the offense, he may open the door to more searching questions by the Government on cross-examination.

2. **GOVERNMENT'S MOTION IN LIMINE**

The Government's motion seeks to preclude the Defendant from impeaching a prospective witness identified as "TV" with an administrative employment proceeding from 1994, wherein "TV" was found to have provided false information to a supervisor. On the call, the Defendant indicated that he does not intend to impeach "TV" with the 1994 incident. Thus, the Government's Motion shall be dismissed without prejudice. As a result of this disposition, the Government will not introduce a video of the crime scene depicting, *inter alia*, the injuries to Scotty Lilly.

3. **DEFENDANT'S EXPERT**

At the conclusion of the call the Defendant indicated that he intends to disclose an expert report of forensic pathologist Dr. Daniel Spitz and present Dr. Spitz as a witness at trial. We shall order Dr. Spitz's report disclosed to the Government no later than the close of business on Monday, June 21, 2010. While we are somewhat troubled by the late disclosure, the Government should have

sufficient time to digest the said expert report prior to trial assuming it is disclosed by this deadline.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Defendant's Motion in Limine (Doc. 77) is **DEFERRED** to the extent set forth herein and **DISMISSED** to the extent set forth herein.

2. The Government shall produce the photographs of Scott Lilly to the Court, *in camera*, by Tuesday, June 22, 2010.  The Government shall communicate with Amanda Gaynor, the undersigned's law clerk, to arrange the production of the photographs.[2]

3. The Government's Motion in Limine (Doc. 80) is **DISMISSED.**

4. The Defendant shall produce Dr. Spitz's report to the Government <u>no later than</u> the close of business Monday, June 21, 2010.  Failure to adhere to this deadline will result in Dr. Spitz's testimony being precluded at trial.

s/ John E. Jones III<br>
John E. Jones III<br>
United States District Judge

---

[2] Miss Gaynor can be contacted via email at, Amanda_R_Gaynor@pamd.uscourts.gov, or via telephone at Williamsport Chambers, (570) 601-1497, during the week of June 21, 2010.