```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      : Crim. No. 4:CR-09-00345
                              :
         v.                   : (Judge Jones)
                              :
    GREGORY MORTON            : ELECTRONICALLY FILED
```

## UNITED STATES' BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE DEFENSE EXPERT FROM PROVIDING AN OPINION <u>ON THE ULTIMATE ISSUE</u>

**Procedural History.**

This action arises out of an incident which took place on August 1, 2007 at the United States Penitentiary at Allenwood. Inmate Scott Lilly was found deceased in his cell which he shared with Gregory Morton. The grand jury indicted defendant on October 22, 2009, for second degree murder in violation of 18 U.S.C. § 1111. Defendant faces also the lesser included offense of manslaughter under 18 U.S.C. § 1112. In order to sustain a conviction under 18 U.S.C. § 1111, the government must prove that the defendant acted with malice aforethought.

Morton has obtained the services of Daniel Spitz, M.D., a forensic pathologist. After reviewing the case materials, Dr. Spitz has expressed his opinion that Morton acted in self-defense in causing the death of Lilly. A motion to limit his opinion was filed on June 24, 2010. Herewith presented is a brief in support of that request.

**Issues.**

1. Whether opinion testimony by a forensic pathologist that a defendant acted in self-defense violates Federal Rule of Evidence 704(b).

2. Whether opinion evidence that the defendant did or did not have the requisite mental state for an element of or a defense to the crime charged offers a legal conclusion rather than a statement of fact.

**Arguments.**

1. Federal Rule of Evidence 704(a) states that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." This rule has been interpreted by the courts to prohibit expert witnesses from offering legal conclusions. *U.S. v. Izydore,* 167 F.3d 213, 218 (5th Cir. 1999). As the court in *Torres v. County of Oakland,* 758 F.2d 147 (6th Cir. 1985), acknowledged, "the problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury."

Federal Rule of Evidence 704(b) states, in pertinent part, that an expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may not state an opinion or inference as to whether the defendant did or did not have the mental state constituting an element of a

defense to the crime charged. This type of issue is for the trier of fact alone. Testimony by Dr. Spitz, which would opine that Alan Morton acted in self-defense, would offer both a legal conclusion and an opinion as to Morton's mental state at the time of commission of the crime, and therefore would violate Federal Rule of Evidence 704(b).

Several courts have taken the position that Federal Rule of Evidence 704(b) precludes expert witnesses from offering legal conclusions. In *U.S. v. Williams*, 343 F.3d 423 (5th Cir. 2003), police officers testifying as expert witnesses stipulated that defendant deputy sheriff's actions in shooting a fleeing suspect were unreasonable. The court held that the witness' testimony pertaining to the reasonableness of the defendant's conduct constituted the impermissible offering of legal conclusions.

In *Phillips v. Wainwright*, 624 F.2d 585 (5th Cir. 1980), the court recognized that many different factors must be taken into consideration when evaluating a claim of self-defense. Though an expert *may* be qualified to assert that the defendant was likely to have had the requisite subjective state of mind, offering an opinion on the validity of a self-defense claim necessarily involves making other assertions for which the expert's professional knowledge may *not* qualify him. These include assertions that the defendant's state of mind was reasonable, that adequate steps were taken to avoid the danger posed by the

victim, that it was not necessary for him to have retreated, et cetera. *Id.* at 590.

Dr. Spitz's testimony that Morton was acting in self-defense would provide the jury with a legal conclusion. The essence of a self-defense claim is a bona fide and reasonable belief of the imminence of great bodily harm or death. *Kinard v. U.S.*, 68 App.D.C. 250, 96 F.2d 522 (1938). For Dr. Spitz to testify that Morton acted in self-defense would be to affirm the reasonableness of his conduct, thereby offering a legal conclusion. Such conclusions are to be left to the jury pursuant to Federal Rule of Evidence 704(a).

This court has also adopted the position that expert witnesses are not permitted to offer legal conclusions. In *Perez v. Townsend Engineering Co.*, 562 F. Supp. 2d 647 (M.D. Pa. 2008), in a worker's products liability and personal injury action against the manufacturer of a ham skinning machine, an expert witness was not permitted to use legal terms of art or offer legal conclusions, such as that manufacturer's machine was "defective," "unreasonably dangerous," or was the "proximate cause" of a worker's injury. Should Dr. Spitz testify that Morton acted in "self-defense," he would be both using a legal term and offering a legal conclusion. This Court clearly rejected this particular type of testimony in *Perez.*

The Third Circuit came to a similar conclusion in *United States v. Watson,* 260 F.3d 301 (3d Cir. 2001). According to the court, expert testimony is admissible if it merely "support[s] an inference or conclusion that the defendant did or did not have the requisite mens rea, so long as the expert does not draw the ultimate inference or conclusion for the jury and the ultimate inference or conclusion does not necessarily follow the testimony." *Id.* at 309.

Thus, Dr. Spitz may be permitted to testify that the injuries sustained by Morton are consistent with those incurred by one acting in self-defense. Under the *Watson* holding, however, Dr. Spitz would not be able to state his belief that Morton acted in self-defense. In so doing, Dr. Spitz would essentially draw the ultimate inference for the jury--an inference that *would* necessarily follow expert testimony about an individual's defensive wounds. A jury would be perfectly capable of drawing this inference on its own, should it choose to accept Dr. Spitz's findings. Dr. Spitz prospective testimony would clearly offer a legal conclusion, thereby violating Federal Rule of Evidence 704.

2. Expert witness testimony is impermissible if it offers an opinion as to the defendant's mental state regarding an element of the crime charged or a defense thereto. Fed. R. Evid. 704(b). In *United States v. DiDomenico*, 985 F.2d 1159 (2nd Cir. 1993), the court held that an expert may not expressly state the

inference as to the defendant's mental state, but must leave it, no matter how obvious, for the jury to draw. *Id*. at 1164. The Third Circuit apparently concurs with the *DiDomenico* holding. While *United States v. Watson,* 260 F.3d 301, is not entirely analogous to the instant case, that decision provides some insight as to how a court in this jurisdiction may decide. In a criminal prosecution for distribution of and possession with intent to distribute cocaine, the court held that testimony of expert witnesses regarding the defendant's intent to distribute the drugs was improperly admitted. This testimony offered an opinion as to the defendant's mental state regarding an element of the crime charged, in clear violation of Federal Rule of Evidence 704(b). *Id.* at 310.

In the instant case, Morton was charged with murder pursuant to 18 U.S.C. § 1111. A conviction for murder under this statute requires malice aforethought. Dr. Spitz would testify to his belief that Morton acted in self-defense. This opinion testimony speaks directly to Morton's mental state regarding his defense to the crime charged and the elements thereof, as Spitz would essentially stipulate that Morton did not act with the requisite malice aforethought for murder. Testimony of this nature is expressly precluded by Federal Rule of Evidence 704(b) and the Third Circuit's decision in *Watson, supra.*

**Conclusion.**

Dr. Spitz's testimony that Morton acted in self-defense should be precluded pursuant to Federal Rule of Evidence 704. This testimony impermissibly provides the jury with a legal conclusion. Further, the testimony offers an opinion that Morton did not possess the requisite malice aforethought for a murder conviction, an element of the crime for which he is charged. Third Circuit precedent precludes expert witnesses from offering a jury an opinion on the defendant's mental state or providing it with the ultimate inference which could follow from the testimony. Exclusion of Dr. Spitz's opinion that Morton acted in self-defense is proper.

                                      Respectfully submitted,

                                      PETER J. SMITH
                                      United States Attorney

                                      By s/Frederick E. Martin
                                      FREDERICK E. MARTIN
                                      Assistant United States Attorney
                                      PA ID 57455
                                      Herman T. Schneebeli Federal Bldg.
                                      240 West Third Street, Suite 316
                                      Williamsport, PA 17701-6465
                                      Tele: (570) 326-1935
                                      FAX: (570) 326-7916
                                      Electronic Mail:
                                      Fred.Martin@usdoj.gov

Dated: June 25, 2010

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA      : Crim. No. 4:CR-09-00345
                              :
        v.                    : (Judge Jones)
                              :
     GREGORY MORTON           : ELECTRONICALLY FILED
```

### CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the foregoing

**UNITED STATES' BRIEF IN SUPPORT OF
MOTION *IN LIMINE* TO PRECLUDE
DEFENSE EXPERT FROM PROVIDING AN OPINION
ON THE ULTIMATE ISSUE**

to be electronically mailed on June    25   , 2010, to:

ADDRESSEE:    Thomas A. Thornton, Esquire
                  Thomas_Thornton@fd.org


                                        By s/Frederick E. Martin
                                        FREDERICK E. MARTIN
                                        Assistant United States Attorney